IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff | : |
| v. | : CIVIL ACTION NO. |
| GINA M. PORTER-WILKERSON, D.V.M., | : |
| Defendant | : |

## COMPLAINT

The United States of America, by its Attorneys, Colm F. Connolly, United States Attorney in and for the District of Delaware, and Patricia C. Hannigan, Assistant United States Attorney for said District, complains of the defendant as follows:

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1345 in that the plaintiff is the United States of America on behalf of its agency, the **DEPARTMENT OF HEALTH AND HUMAN SERVICES**.

2. Venue is properly set pursuant to 28 U.S.C. §1391 in that the plaintiff is complaining of **GINA M. PORTER-WILKERSON, D.V.M.**, residing at 107 Brooks Drive, Middletown, Delaware 19709, a location within this District.

3. Defendant applied for and received Health Education Assistance Loans, which loans were insured by the Department of Health and Human Services pursuant to 42 C.F.R. §294f.

4. Defendant, **GINA M. PORTER-WILKERSON, D.V.M.**, is indebted to plaintiff in the principal amount of $79,286.80 plus interest through November 18, 2005,

in the amount of $481.62, as set forth in the Certificate of Indebtedness attached hereto as Exhibit "A". Interest continues to accrue at the approximate rate of 6.50%.

5.   Defendant has failed to pay the aforesaid amount although demand has been made for payment.

WHEREFORE, plaintiff demands judgment against the defendant, **GINA M. PORTER-WILKERSON, D.V.M.**, in the amount of $79,768.42, plus additional prejudgment interest accruing from November 18, 2005, until judgment as set forth in paragraph (4) above, plus interest on the Judgment at the legal rate, plus costs and other proper relief until paid in full.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: _____
PATRICIA C. HANNIGAN
Assistant United States Attorney
Delaware Bar I.D. No. 2145

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Program Support Center

Rockville MD 20857

DEC 2 2005

## CERTIFICATE OF INDEBTEDNESS

Gina M. Porter-Wilkerson, D.V.M.
c/o Astra Zeneca LP US
1800 Concord Pike
Wilmington, DE 19803
Ref: 50034681/3

Total debt due to the United States of America as of November 18, 2005: $79,768.42 (principal $79,286.80, interest $481.62, administrative costs $0.00).

I certify that the Department of Health and Human Services records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $79,286.80 from November 18, 2005, at the rate of 6.50%. Interest accrues on the principal amount of this debt at the rate of $14.12 per day. Interest is computed at a variable rate and is adjusted quarterly. Due to the semi-annual compounding of interest, the current principal amount is greater than the original amount borrowed.

The claim arose in connection with a Government-insured Health Education Assistance Loan (HEAL) made by a private lender and assigned to the United States.

### 50034681 - Student Loan Marketing Association

As a student at the Tuskegee Institute, you applied for and were granted the following Health Education Assistance Loan (HEAL), Section 701-720 of the Public Health Service Act (42 U.S.C. 292 f-p).

| Date of Promissory Note | Amount of Promissory Note | Amount Disbursed |
|---|---|---|
| 10/29/84 | $3,100.00 | $3,100.00 |

You signed a promissory note agreeing to repay the loan at a variable rate of interest beginning the first day of the tenth month after ceasing to be a full-time student or completing a residency program. The Student Loan Marketing Association (SLMA) purchased your note and received an assignment.

Upon your leaving the Tuskegee Institute, you were granted forbearance agreements during the period of March 1, 1986, to October 31, 1988, with payments to begin thereafter. Between May 2, 1988, and August 1, 1988, you made three (3) payments totaling $161.11.

On October 4, 1989, the SLMA sent you a final demand letter to remit payment in full or your account would be filed as a default claim. You did not make any payments, nor did you respond.

Due to your failure to continue making payments, the SLMA filed an insurance claim on October 17, 1989, with the Department of Health and Human Services (HHS). The claim in the amount of $5,060.00 was paid on January 12, 1990, and an assignment of the note was received.

## PAGE 2 - CERTIFICATE OF INDEBTEDNESS - GINA M. PORTER-WILKERSON, D.V.M.

By letter dated June 15, 1990, you were notified that the previous holder of your HEAL placed you in default and assigned your notes to the United States Government. You were informed that your student loans were consolidated using the lowest interest rate allowable by law. Enclosed were instructions for entering into a repayment agreement (RA) with notice that it must be completed and returned within thirty (30) days. You did not respond.

### 50034683 - Chase Manhattan Bank

As a student at the Tuskegee Institute, you applied for and were granted the following Health Education Assistance Loan (HEAL), Section 701-720 of the Public Health Service Act (42 U.S.C. 292 f-p).

| Date of Promissory Note | Amount of Promissory Note | Amount Disbursed |
|---|---|---|
| 12/08/81 | $9,500.00 | $9,500.00 |

You signed a promissory note agreeing to repay the loan at a variable rate of interest beginning the first day of the tenth month after ceasing to be a full-time student or completing a residency program.

Upon your leaving the Tuskegee Institute, you were granted forbearance agreements during the period of April 1, 1986, to January 31, 1989. You were furnished a repayment schedule by the Chase Manhattan Bank with notification that payments were to begin March 1, 1989. Between January 22, 1987, and January 23, 1989, you made seven (7) payments totaling $3,168.36.

Due to your failure to continue making payments, the Chase Manhattan Bank filed an insurance claim on June 25, 1991, with the Department of Health and Human Services (HHS). The claim in the amount of $25,945.00 was paid on July 15, 1991, and an assignment of the note was received.

By letter dated July 19, 1991, you were notified that the previous holder of your HEAL placed you in default and assigned your notes to the United States Government. You were informed that your student loans were consolidated using the lowest interest rate allowable by law. Enclosed were instructions for entering into a RA with notice that it must be completed and returned within thirty (30) days. You did not respond.

### 50034681/3 - Department of Health and Human Services

In a letter dated September 27, 1990, you were notified that the principal amount of your debt would be referred to the Internal Revenue Service (IRS) for offset of any tax refund to which you might be entitled unless payment in full was received.

On December 12, 1990, you were sent a final notice to respond within fifteen (15) days indicating how you intended to resolve your delinquent indebtedness. You were advised that failure to respond within fifteen (15) days or continued non-contact and non-cooperation would result in your case being referred to the U.S. Department of Justice (DOJ) for enforced collection.

By letter dated October 29, 1991, you were notified that your account had been referred to Payco American Corporation for collection. You were advised that your account would be referred to the DOJ if you failed to either remit payment in full or enter into a RA. You did not comply.

**PAGE 3 - CERTIFICATE OF INDEBTEDNESS - GINA M. PORTER-WILKERSON, D.V.M.**

By letter dated January 28, 1992, you were notified that your account had been referred to Payco American Corporation for collection. You were advised that your account would be referred to the DOJ if you failed to either remit payment in full or enter into a RA. You did not comply.

In a letter dated August 25, 1992, you were notified that the principal amount of your debt would be referred to the IRS for offset of any tax refund to which you might be entitled unless payment in full was received.

On February 4, 1993, you were notified that you had sixty (60) days in which to resolve your delinquent debt. You were advised that if you were unwilling to establish a RA, your case would be immediately referred to the Office of the Inspector General (OIG) for exclusion from participation in the Medicare/Medicaid Programs. The letter also informed you that in the event you did not enter into a RA, your debt would be referred to the DOJ for enforced collection. You did not comply.

On January 25, 2002, you were sent a RA which was to be signed, notarized, and returned along with your first payment by March 1, 2002. You were advised that failure to comply would result in your debt being referred to the DOJ for enforced collection.

Your signed RAs dated February 28, 2002, in which you agreed to make monthly payments of $500.00 beginning March 1, 2002, was approved on March 4, 2002.

On March 29, 2004, you were notified that you had sixty (60) days in which to resolve your delinquent debt. You were advised that if you were unwilling to establish a RA, your case would be immediately referred to the OIG for exclusion from participation in the Medicare/Medicaid Programs. The letter also informed you that in the event you did not enter into a RA, your debt would be referred to the DOJ for enforced collection. You did not comply.

In letters dated October 5, 2005, and October 7, 2005, you were sent instructions for entering into a RA with notice that it must be completed and returned within thirty (30) days. You were informed that failure to respond would result in your debt being referred to the DOJ. You did not respond.

The following provides a breakdown of payments applied to your account:

| | | |
|---|---|---|
| 10 Payments to Lender | 01/22/87 to 01/23/89 | $3,329.47 |
| Payments to HHS | 03/12/02 to 06/09/03 | $4,600.00 |
| Total Amount Applied | | $7,929.47 |

## PAGE 4 - CERTIFICATE OF INDEBTEDNESS - GINA M. PORTER-WILKERSON, D.V.M.

Repeated attempts by HHS have been unsuccessful in establishing an acceptable repayment schedule for your debt. Because of your lack of cooperation the federal government is exercising its option and declaring your note due and payable. Accordingly, your debt has now been referred to the DOJ for enforced collection.

The amount due should be remitted by check, draft or money order(s) payable to the "U.S. Department of Justice" and mailed directly to the United States Attorney, District of Delaware, 1007 Orange St., Suite 700, Wilmington, DE 19899-2046.

**CERTIFICATION:** *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

DEC   2  2005

Date

Barry M. Blum
Chief, Referral Control Section
Debt Management Branch

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
GINA M. PORTER-WILKERSON, D.V.M.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **NEW CASTLE COUNTY**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Patricia C. Hannigan, AUSA
1007 Orange Street, Suite 700

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| [ ] 120 Marine | 310 Airplane | 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| [ ] 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | PERSONAL PROPERTY | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| [ ] 151 Medicare Act | 340 Marine | 370 Other Fraud | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| [X] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 371 Truth in Lending | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 380 Other Personal Property Damage | 690 Other | | 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | 810 Selective Service |
| [ ] 190 Other Contract | 360 Other Personal Injury | | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | 730 Labor/Mgmt.Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| [ ] 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 790 Other Labor Litigation | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | 442 Employment | Habeas Corpus: | 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| [ ] 240 Torts to Land | 444 Welfare | 535 Death Penalty | | 871 IRS—Third Party 26 USC 7609 | 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 540 Mandamus & Other | | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | 446 Amer. w/Disabilities - Other | 550 Civil Rights | | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights | 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 C.F.R. SECTION 294f; 28 U.S.C. SECTION 1345
Brief description of cause:
Defaulted Heal Loan

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 79,768.42
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 1/31/06
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____